[Cite as *Warren Hous. v. Northeast Cable*, 2017-Ohio-5513.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| WARREN HOUSING DEVELOPMENT CORPORATION, et al., | : | **O P I N I O N** |
| | : | |
| Plaintiffs-Appellees, | : | **CASE NO. 2016-T-0059** |
| | : | |
| - vs - | : | |
| | : | |
| NORTHEAST CABLE TELEVISION, | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CV 00555.

Judgment: Affirmed.

*Daniel P. Thomas,* DelBene, LaPolla & Thomas, 155 Pine Avenue, N.E., P.O. Box 353, Warren, OH 44482 (For Plaintiff-Appellee, Warren Housing Development Corporation).

*Patricia Dougan,* Community Legal Aid Services, First National Bank Tower, 11 Central Square, 7th Floor, Youngstown, OH 44503, and *Gary A. Benjamin,* Community Legal Aid Services, 50 South Main Street, Suite 800, Akron, OH 44308 (For Plaintiffs-Appellees, George Kearney and Jonathan Cambridge).

*Marshall D. Buck,* Comstock, Springer & Wilson, 100 Federal Plaza East, #926, Youngstown, OH 44503 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Northeast Cable Television, appeals the Judgment of the Trumbull County Court of Common Pleas, rendering judgment in favor of plaintiff-appellee, Warren Housing Development Corporation, and intervening-plaintiffs-

appellees, George Kearney and Jonathan Cambridge, on their Complaints for declaratory judgment. The issue before this court is whether summary judgment is properly entered where a genuine issue of material fact exists as to a collateral issue independent of the trial court's basis for rendering judgment. For the following reasons, we affirm the decision of the court below.

{¶2} On March 20, 2015, the Warren Housing Development Corporation filed a Complaint for Declaratory Judgment against Northeast Cable Television in the Trumbull County Court of Common Pleas. It was alleged that, on January 29, 1991, Warren Housing and Northeast Cable "entered into a service agreement for cable television services to the subscribers of [Warren Housing's] tenants."

{¶3} Paragraph seven of the service agreement "provides for exclusive services by [Northeast Cable] as the sole provider of any CATV or pay television system operating on [Warren Housing's] property."[1]

{¶4} It was further alleged, "since the execution of this agreement, which is over 24 years ago, that the circumstances have changed and that this provision should no longer be enforceable." Warren Housing sought a declaration that "Paragraph 7 of the agreement between the parties be found to be of no legal effect."

{¶5} On May 26, 2015, Northeast Cable filed its Answer to Complaint.

{¶6} On July 21, 2015, George Kearney and Jonathan Cambridge filed a Motion for Leave to Intervene as plaintiffs. Kearney and Cambridge are tenants of The

---

1. The agreement states: "7. Provisions For Exclusive Services. The Owners [Warren Housing] agree that the company [Northeast Cable] shall be the sole provider of any CATV or pay television systems operating on the property described herein. Owners further agree there will be no erection by property owners of any satellite receiving equipment or similar apparatus or over the air transmissions which would by-pass the service for which the Company intends its CATV to provide. The Owners further agree not to allow any inspection of the Company property without the presence of a representative of the Company and further agree not to allow any other outside television distribution for profit service to be available without the expressed prior written consent from the Company."

Elms, a property owned by Warren Housing, and have had satellite dishes installed on their leasehold properties. Both Kearney and Cambridge have received notices from the property manager of The Elms advising them that satellite dishes are not permitted.

{¶7} Kearney and Cambridge alleged that the agreement between Warren Housing and Northeast Cable violated the Federal Communications Act (Count One) and constituted a contract in restraint of trade (Count Two).

{¶8} On August 12, 2015, the trial court granted Kearney and Cambridge leave to intervene as plaintiffs.

{¶9} On January 27, 2016, Kearney and Cambridge filed a Motion for Summary Disposition. Among the arguments raised by Kearney and Cambridge, it was argued that Warren Housing and Northeast Cable "are prohibited from entering into a contract the purpose of which is to obtain cable services from one provider to the exclusion of all others by 47 CFR 76.2000."

{¶10} On February 11, 2016, Northeast Cable filed a Motion for Summary Judgment.

{¶11} On May 19, 2016, the trial court issued a Judgment Entry, rendering judgment in favor of Warren Housing and Kearney and Cambridge. The court ruled that "[i]t is clear from the language of 47 C.F.R. 76.2000 that exclusivity clauses are not enforceable and, in fact, are null and void," and that "Paragraph 7, the exclusivity clause, of the service agreement between [Warren Housing] and Northeast Cable is hereby declared to be null and void."

{¶12} On June 17, 2016, Northeast Cable filed its Notice of Appeal. On appeal, Northeast Cable raises the following assignment of error:

{¶13} "[1.] The trial court erred when it overruled Northeast Cable's motion for summary judgment and ruled in favor of WHDC, Kearney, and Cambridge on their declaratory judgment actions because only Northeast Cable was entitled to judgment as a matter of law."

{¶14} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."

{¶15} A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "Under this standard, the reviewing court conducts an independent review of the evidence before the trial court and renders a decision de novo, i.e., as a matter of law and without deference to the conclusions of the lower court." (Citation omitted.) *Crawford v. Notar*, 11th Dist. Trumbull No. 2015-T-0133, 2016-Ohio-3010, ¶ 20.

{¶16} Northeast Cable maintains that "the trial court erred in relying on 47 C.F.R. 1.4000 to invalidate paragraph 7 of the Service Agreement because the rule does not apply under the facts of this case." Appellant's brief at 6. The Over-the-Air Reception Devices Rule provides, in relevant part:

4

(a)(1) Any restriction, including but not limited to * * * [a] contract provision, * * * on property within the exclusive use or control of the antenna user where the user has a direct or indirect ownership or leasehold interest in the property that impairs the installation, maintenance, or use of [the antenna] * * * is prohibited to the extent it so impairs, subject to paragraph (b) of this section.

* * *

(b)(1) Any restriction otherwise prohibited by paragraph (a) of this section is permitted if:

(1) It is necessary to accomplish a clearly defined, legitimate safety objective that is either stated in the text, preamble, or legislative history of the restriction or described as applying to that restriction in a document that is readily available to antenna users, and would be applied to the extent practicable in a non-discriminatory manner to other appurtenances, devices, or fixtures that are comparable in size and weight and pose a similar or greater safety risk as these antennas and to which local regulation would normally apply * * *.

47 C.F.R. 1.4000.

{¶17} According to Northeast Cable, this Rule does not apply to the satellite dishes installed by Kearney and Cambridge because "(1) the devices are not installed 'on property within the exclusive use or control of the antenna user' and (2) the devices violate a legitimate safety objective." Appellant's brief at 4.

5

{¶18} Northeast Cable's argument is inapposite as the trial court did not invoke 47 C.F.R. 1.4000 to justify its declaration that paragraph seven of the service agreement is null and void. With respect to the Over-the-Air Reception Devices Rule, the court ruled that "[w]hether there are legitimate safety concerns which would prohibit such installations as [those made by Kearney and Cambridge] is not an issue that is presently before this Court."

{¶19} The trial court's judgment was unambiguously based upon another regulation prohibiting the execution and enforcement of exclusivity clauses in contracts for cable services, which provides:

> No cable operator or other provider of MVPD [multichannel video programming distributor] service subject to 47 U.S.C. 548 shall enforce or execute any provision in a contract that grants to it the exclusive right to provide any video programming service (alone or in combination with other services) to a MDU [multiple dwelling unit building]. All such exclusivity clauses are null and void.

47 C.F.R. 76.2000(a).

{¶20} At oral argument, counsel for appellant raised the argument, for the first time in the course of these proceedings and contrary to the statement on page 1 of its appellate brief that "Northeast Cable is a private cable operator," that Northeast Cable is not a cable operator as defined in 47 U.S.C.A. 522(5) ("the term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement,

6

the management and operation of such a cable system"). "An issue raised during oral argument for the first time and not assigned as error in an appellate brief is waived." *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, 791 N.E.2d 1025, ¶ 20 (1st Dist.); *State v. Hamilton*, 11th Dist. Ashtabula No. 2001-A-0038, 2002-Ohio-6915, ¶ 17 ("an appellate court may disregard assignments of error that are not separately argued in the briefs"). Accordingly, we decline to consider the argument that Northeast Cable does not meet the definition of a cable operator under the Federal Communications Act.

{¶21} The sole assignment of error is without merit.

{¶22} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, granting summary judgment against Northeast Cable, is affirmed. Costs to be taxed against the appellant.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

7